**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THE HUNTINGTON NATIONAL BANK**, in its capacity as Administrative Agent and individually as Lender and holder of the Note,<br><br>Plaintiff,<br><br>v.<br><br>**R&R EXPRESS PROPERTIES, LLC**;<br><br>Defendant. | Civil Action No: |

**COMPLAINT FOR CONFESSION OF JUDGMENT**

Plaintiff, The Huntington National Bank ("HNB"), in its capacity as Administrative Agent and individually as Lender and holder of the Note, by and through its attorneys, files the following Complaint for Confession of Judgment against Defendant R&R Express Properties, LLC, and in support thereof, avers as follows:

**PARTIES**

1. Plaintiff is a national banking association with its principal place of business located in Columbus, Ohio. Plaintiff is the Agent (with administrative agent and collateral agent roles), a Lender and holder of the Note under the Credit Agreement (defined below)

2. Defendant R&R Express Properties, LLC ("Express Properties") is a Pennsylvania limited liability company with its principal place of business at 100 Commerce Drive, Pittsburgh, Pennsylvania 15275. The sole member of Express Properties is Express Holdco.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between Plaintiff and Defendant and the amount in

controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists establishing subject matter jurisdiction with this Court in that Plaintiff is a national banking association incorporated in the United States with its principal place of business located in Ohio, and none of the above-captioned defendants, nor their individual or entity members, where applicable, are citizens of Ohio.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district, the collateral securing the loans that are the subject of this dispute is located in this judicial district, and principal defendants are located in and conduct their principal business operations in this judicial district.

5. Additionally, this Court has personal jurisdiction over Defendants, and venue is proper, pursuant to Section 15.1 of the Credit Agreement (defined below).

## FACTS

### A. The Loan

6. On March 18, 2022, Plaintiff and another lender S&T Bank ("S&T") agreed to provide Defendant and certain other co-Borrowers ("Co-Borrowers" together with the Defendant the, "Borrowers") a number of different types of loans, including a revolving loan commitment of up to $85 million ("Revolving Loans") made up of two separate revolving loans, one of which is the subject of this Complaint (the "HNB Revolving Loan"). The loans, including the HNB Revolving Loan, are governed by that certain Second Amended and Restated Credit and Security Agreement dated March 18, 2022, (as amended from time to time, the "Credit Agreement"). A true and accurate copy of the Second Amended and Restated Credit and Security Agreement is attached hereto as **Exhibit A.** Capitalized terms used but not defined in this Complaint shall be given the meanings ascribed to such terms in the Credit Agreement.

7. Plaintiff is the administrative agent with authority to, among other things, act on behalf of the Lenders under the Credit Agreement with respect to all loans under the Credit Agreement, including the HNB Revolving Loan and is also the holder of the Note (as defined below).

8. The HNB Revolving Loan is evidenced by that certain Thirteenth Amended and Restated Revolving Note dated June 26, 2024 in the original principal amount of $65,934,223.07 (the "Note") which the Borrowers executed in favor of Plaintiff (as Lender). A true and accurate copy of the Note is attached hereto as **Exhibit B.**

9. The Note and Credit Agreement, collectively with all other documents executed in connection with or securing the amounts owed under the Loan, each as amended, modified or superseded from time to time, the "Loan Documents".

10. The Defendant is jointly and severally liable for all of the obligations under the Credit Agreement and the Note and are part of a larger family of companies in the freight forwarding, trucking and logistics business, known as "R&R Express Co". The Defendant, R&R Express Properties, LLC, is not in the logistics business. Defendant is a holding company for certain real property.

**B. The Defaults**

11. One or more Events of Default have occurred and are continuing under the Note and Credit Agreement. The Events of Default include the following:

- Defaults triggered by the other Co-Borrowers, including failure to make all required debt service payments in a timely manner;

- The transfer of real property owned by R&R Express Properties, LLC without Plaintiff's consent, which triggered an Event of Default under Sections 7.1(a) and 7.10 of the Credit Agreement;
- The Co-Borrowers admitted in writing that they are unable to pay creditors as their debts fall due [Ex. F] which is a violation of Section 10.8(c) of the Credit Agreement [Ex. B];
- Co-Borrowers failed to pay their carriers in a timely manner which is a violation of Section 10.12 of the Credit Agreement. [Ex. A];
- Co-Borrowers have experienced a Material Adverse Event in violation of Section 10.10 of the Credit Agreement [Ex. A] because the Co-Borrowers lack sufficient cash to continue ongoing operations;

12. The balance of due under the Note (excluding fees and costs) as of September 23, 2026 is $9,958,178.55, compromised of $8,798,181.57 in principal, $626,528.36 in interest, and $533,468.62 in attorney's fees and costs.

13. Pursuant to Article 11 (Rights and Remedies after Default) of the Credit Agreement, and specifically Section 11.1 (Agent's Rights and Remedies After Default), Plaintiff, as administrative agent, upon the occurrence of any event of default, has the right to exercise any and all rights and remedies provided for in the Credit Agreement, under the Uniform Commercial Code and at law or equity generally, including but not limited to confessing judgment on the Note. *See* Ex. A, § 11.1.

14. As of the date of this Complaint, the total amount due and owing under the Note is $**9,958,178.55** including interest (including default interest) and attorneys' fees and costs, calculated as follows below. Post-judgment interest shall continue to accrue at the Default Rate set

forth in the Note.[1] *See* Ex. A, § 3.1(c).

**COUNT I -- CONFESSION OF JUDGMENT**

15. Plaintiff incorporates by reference all prior allegations.

16. Events of Default have occurred and are continuing under the Loan Documents including, but not limited to, the Events of Default. Additional Events of Default may exist under the terms of the Note and Credit Agreement, and Plaintiff expressly reserves all rights and remedies available to Plaintiff on account of such defaults.

17. The Note includes the following confession of judgment clause:

> **EACH BORROWER HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS THE PROTHONOTARY, ANY ATTORNEY OR ANY CLERK OF ANY COURT OF RECORD, FOLLOWING THE OCCURRENCE OF AN EVENT OF DEFAULT, TO APPEAR FOR AND CONFESS JUDGMENT AGAINST EACH BORROWER FOR SUCH SUMS AS ARE DUE AND/OR MAY BECOME DUE UNDER THIS NOTE, WITH OR WITHOUT DECLARATION, WITH COSTS OF SUIT, WITHOUT STAY OF EXECUTION AND WITH AN AMOUNT EQUAL TO TEN PERCENT (10%) OF THE AMOUNT OF SUCH JUDGMENT, BUT NOT LESS THAN TEN THOUSAND DOLLARS ($10,000.00), ADDED FOR ATTORNEYS' COLLECTION FEES. TO THE EXTENT PERMITTED BY LAW, EACH BORROWER RELEASES ALL ERRORS IN SUCH PROCEEDINGS. IF A COPY OF THIS NOTE, VERIFIED BY AFFIDAVIT BY OR ON BEHALF OF THE HOLDER OF THIS NOTE SHALL HAVE BEEN FILED IN SUCH ACTION, IT SHALL NOT BE NECESSARY TO FILE THE ORIGINAL NOTE AS A WARRANT OF ATTORNEY. THE AUTHORITY AND POWER TO APPEAR FOR AND CONFESS JUDGMENT AGAINST EACH BORROWER SHALL NOT BE EXHAUSTED BY THE INITIAL EXERCISE THEREOF AND MAY BE EXERCISED AS OFTEN AS THE HOLDER SHALL FIND IT NECESSARY AND DESIRABLE AND THIS NOTE SHALL BE A SUFFICIENT WARRANT THEREFOR. THE HOLDER HEREOF MAY CONFESS ONE OR MORE JUDGMENTS IN THE SAME OR DIFFERENT JURISDICTIONS FOR ALL OR ANY PART OF THE AMOUNT**

[1] Section 3.1(c) of the Credit Agreement states that the Default Rate means two percent (2%) per annum in excess of the rate of interest or fee rate or percentage applicable to any Obligation from time to time. The rate of interest is a floating rate of Daily Simple SOFR + 25 bps, with a spread of 261 bps. The Default Rate was imposed on January 8, 2026 and the interest balance from January 1, 2026 to present is $626,528.36.

**OWING HEREUNDER, WITHOUT REGARD TO WHETHER JUDGMENT HAS THERETOFORE BEEN CONFESSED ON MORE THAN ONE OCCASION FOR THE SAME AMOUNT. IN THE EVENT ANY JUDGMENT CONFESSED AGAINST EACH BORROWER HEREUNDER IS STRICKEN OR OPENED UPON APPLICATION BY OR ON EACH BORROWER'S BEHALF FOR ANY REASON, THE HOLDER IS HEREBY AUTHORIZED AND EMPOWERED TO AGAIN APPEAR FOR AND CONFESS JUDGMENT AGAINST EACH BORROWER FOR ANY PART OR ALL OF THE AMOUNTS OWING HEREUNDER, AS PROVIDED FOR HEREIN, IF DOING SO WILL CURE ANY ERRORS OR DEFECTS IN SUCH PRIOR PROCEEDINGS.**

**WITH RESPECT TO THE ATTORNEY'S COLLECTION FEES PROVIDED FOR IN THE FOREGOING WARRANT OF ATTORNEY, EACH BORROWER WILL NOT BE HELD RESPONSIBLE FOR LEGAL FEES, COSTS OR EXPENSES IN CONNECTION WITH ANY EVENT OF DEFAULT UNDER THE CREDIT AGREEMENT OR ANY OF THE OTHER LOAN DOCUMENTS AND ANY COLLECTION PROCEEDINGS RELATED THERETO, IN EXCESS OF THOSE ACTUALLY INCURRED. ANY ASSESSMENT IN EXCESS THEREOF SET FORTH IN THE FOREGOING WARRANT OF ATTORNEY WILL BE HELD AS ADDITIONAL COLLATERAL FOR THE OBLIGATIONS, LEGAL FEES, COSTS AND EXPENSES AND UPON PAYMENT OF SUCH OBLIGATIONS, LEGAL FEES, COSTS AND EXPENSES IN FULL, THE LENDER WILL CAUSE THE JUDGMENT SO CONFESSED TO BE SATISFIED, AND, TO THE EXTENT HELD BY THE LENDER, REMIT TO EACH BORROWER ANY SUCH EXCESS. IF SUCH ASSESSMENT IS LESS THAN THE LEGAL FEES, COSTS AND EXPENSES ACTUALLY INCURRED, THE LENDER SHALL NOT BE DEEMED TO HAVE WAIVED ANY RIGHT TO SEEK TO REASSESS OR OTHERWISE INITIATE ACTION FOR PAYMENT OF ADDITIONAL LEGAL FEES, COSTS AND EXPENSES.**

(*See* Ex. B, pp. 3-4.)

18. As of September 23, 2026, the amount due and owing under the Note totals $**9,958,178.55** calculated as follows:

**<u>Note</u>**

| | |
|---|---|
| **Principal** | **$ 8,798,181.57** |
| **Interest (including** | |

| | | |
|---|---|---|
| **default interest)** | **$** | **626,528.36** |
| **Attorneys' Commission** | **$** | **533,468.62**[2] |
| **Total Outstanding Balance** | **$** | **9,958,178.55** |

19. Plaintiff reserves its right to collect all amounts due and owing for: (i) default interest, (ii) costs of collection including legal fees, (iii) late fees; and (iv) any other recoverable amounts provided for in the Loan Documents. *See* Ex. A, § 11.1.

20. Interest continues to accrue at the Default Rate of two percent (2%) per annum in excess of the rate of interest or fee rate or percentage applicable to the Note from time to time. The applicable non-default rate of interest is a floating rate of Daily Simple SOFR + 25 basis points, with a spread of 261 basis points *per annum*.

21. Plaintiff is the current holder of the Note.

22. Judgment is not being entered by confession in this proceeding against a natural person in connection with a consumer transaction.

23. The warrant of attorney for confession of judgment is less than twenty (20) years old.

24. The obligations on which this confession of judgment for money is being entered is based upon a commercial/business transaction and is in excess of $10,000.00.

25. Judgment has not been entered against Borrower in this or any other jurisdiction.

**WHEREFORE**, Plaintiff, The Huntington National Bank, as authorized by the warrants of attorney for confession of judgment in the Note, as defined above demands that judgment be entered in its favor and against Defendant R&R Express Properties, LLC on Counts I in the total amount of $**9,958,178.55** through September 23, 2026 together with default interest from and after

[2] The Note permits an attorney's commission of 10% percent of the judgment amount not to exceed the actual attorneys' fees and costs incurred. Plaintiff has limited its request to actual attorneys' fees and costs incurred to date which is less than 10% of the judgment amount.

January 8, 2026 at the Default Rate, late fees and the costs of collection, post-judgment interest at the Default Rate until satisfied in full, and any further legal or equitable relief this Court deems appropriate.

Respectfully submitted,

Dated: October 7, 2026

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Timothy P. Palmer*

Timothy P. Palmer (PA ID No. 86165)
Tyler Dischinger (PA ID No. 314299)
Christopher P. Schueller (PA ID No. 92746)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Tel: (412) 562-8800
Fax: (412) 562-1041
timothy.palmer@bipc.com
tyler.dischinger@bipc.com
christopher.schueller@bipc.com

*Attorneys for Plaintiff*

**VERIFICATION**

I, Matthew Beatty, hereby state, subject to penalties regarding unsworn falsification to authorities that in my capacity as Vice President, Financial Recovery for Plaintiff Huntington National Bank, I am an authorized representative of the Plaintiff, that I am authorized to make this Verification on Plaintiff's behalf and that the averments of facts contained in the foregoing Complaint for Confession of Judgment are true and correct to the best of my knowledge, information and belief.

Dated: September 30, 2026

Authorized Signatory